IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

------------------------------------------------------- X
                                :

HOUSTON SPECIALTY INSURANCE     :
COMPANY,                              :
                                :
                   Plaintiff,    :   Civil Action No.:
v.                                :
                                :
                                :
KENNETH EISEN & ASSOCIATES, LTD.,  :
and FREDERICK LUSTER, Individually and  :
as Putative Class Representative,         :
                                :
                   Defendant.   :
------------------------------------------------------- X

## PETITION FOR DECLARATORY JUDGMENT

Plaintiff Houston Specialty Insurance Company ("Houston Specialty" or "Plaintiff"), by its attorneys, Carlock Copeland & Stair, LLP, as and for its Complaint against Defendants Kenneth Eisen & Associates, LTD ("Eisen") and Frederick Luster, individually and as putative class representative, states and alleges as follows:

## NATURE OF ACTION

1.     Houston Specialty seeks a judicial declaration pursuant to Rule 57 of the Federal Rules of Civil Procedure that Defendant Eisen a debt collection

service, is not entitled to coverage under the Houston Specialty Insurance Policy in issue, for the class action lawsuit against Defendant Eisen brought by Frederick Luster ("*Luster*"), on behalf of himself and all others similarly situated pending in the United States District Court for the Northern District of Georgia, Atlanta Division, No. 1:15-cv-01428 (RWS) ("*Luster* Lawsuit").

2.     The Complaint in the *Luster* Lawsuit, a copy of which is attached hereto as Exhibit A ("*Luster* Complaint"), seeks an award of actual damages or alternatively, the $500 per violation statutory penalty damage amount (whichever is greater), as well statutory treble damages for alleged repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA"), by virtue of Defendant Eisen's use of an automatic telephone dialing system.

3.     Houston Specialty issued to Eisen a $1 Million Miscellaneous Professional Liability Insurance policy, Policy No. MP 00000122-00, with a policy period of August 1, 2014 to August 1, 2015 ("Policy").  A copy of the Policy is attached hereto as Exhibit B.  The Policy excludes from the definition of Damages, amounts that constitute "penalties".  Statutory damages under the TCPA constitute a penalty and are not covered as Damages under the Policy.

4.     The Policy provides that New York law governs all matters related to the validity, interpretation, performance and enforcement of the Policy.  Punitive,

exemplary and treble damages are uninsurable as a matter of public policy under New York law. The treble damages sought in the *Luster* Lawsuit are therefore not covered as Damages under the Policy.

## JURISDICTION AND VENUE

5.      The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(i). The amount in controversy exceeds $75,000, exclusive of interest and costs, and therefore exceeds the amount-in-controversy requirement of the aforementioned statute. Plaintiff is a citizen of a state different from Defendants. Accordingly, complete diversity exists in the instant case.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2), and Defendants are also subject to personal jurisdiction in this District.

## THE PARTIES

7.      Plaintiff is a foreign corporation organized under the laws of the State of Delaware with its principal place of business located in Houston, Texas.

8.      Defendant Eisen is a foreign corporation organized under the laws of the State of Arizona with its principal place of business located Phoenix, Arizona. It is authorized to and does conduct business in Georgia, and its misconduct as alleged in the *Luster* Complaint took place in this District.

9.      Defendant Frederick Luster is a citizen of the State of Georgia and

3

may be served with process at his last known address, 179 Douglas Street SE, Atlanta, Georgia 30317.

## THE CASE AND CONTROVERSY

10.    Defendant Eisen made a claim for coverage under the Policy in or about May 2015 for the *Luster* Lawsuit.

11.    By Letter dated May 20, 2015 Houston Specialty acknowledged Defendant Eisen's claim for coverage and agreed – subject to a full reservation of rights ("ROR") - to provide Defendant Eisen with a defense to the *Luster* Lawsuit. A copy of Houston Specialty's May 20, 2015 ROR is annexed hereto as Exhibit C.

12.    By letter dated September 28, 2017, Houston Specialty issued a supplemental coverage opinion and ROR. A copy of the September 28, 2017 Letter is annexed hereto as Exhibit D.   The Letter advised that the *Luster* Lawsuit as presently presented was not seeking Damages as that term is defined in the Policy and further, that there no evidence of any such Damages.

## PERTINENT POLICY PROVISIONS

13.    Section I of the Policy, "**INSURING AGREEMENT** ", states, *inter alia*, that:

A.    Miscellaneous Professional Liability

Subject to the applicable Limit of Liability, the Company will pay on behalf of the Insured all

4

Damages and Claim Expenses in excess of the Retention that an Insured becomes legally obligated to pay as a result of the covered Claim…

14.   Section II of the Policy, "**DEFINITIONS**" , states, *inter alia*, that:

F.   Damages means any monetary amount that any Insured is legally obligated to pay because of a judgment or arbitration award rendered against the Insured, or for settlements negotiated by the Company with the Insured's consent on account of a covered Claim.   Damages shall include, but are not limited to:

1.   pre-judgment interest;

2.   post-judgment interest that accrues after the entry of judgment and before the Company has paid, or offered to pay or deposited in court that part of the judgment within the applicable Limit of Liability, and

3.   punitive, exemplary and multiple damages (*where insurable by law).*

· · ·

*Damages do not include*:   1) fines, *penalties,* taxes, sanctions or that portion of any multiplied damages award which exceeds the damage award so multiplied; 2) disputes over or return or restitution of fees, deposits, commissions, profits or charges for goods or services rendered; 3) discounts, coupons, prizes, awards or other incentives offered to the Insured's customers or clients; 4) any amounts for which the Insured is not liable, or for which there is no legal recourse against the Insured*; or 5) amounts paid to resolve matters deemed uninsurable under the law pursuant to which this Policy shall be construed.*

(emphasis added)

15.    Section IV of the Policy, "**LIMIT OF INSURANCE**", states, *inter alia*, that:

### C.    Reimbursement and Allocation

### 1.    Reimbursement

*If, for any reason, the Company advances*, at its sole option*, any amounts for Damages* or Claim Expenses in excess of the Limit of Liability or within the Retention, *or for non-covered liabilities* or defenses, *the Insured shall reimburse such amounts to the Company upon demand.*

### 2.    Allocation

If a Claim made against an Insured includes both covered and uncovered matters, or is made against an Insured and others not insured, the Insured and the Company recognize that there must be an allocation between covered and uncovered amounts.  The Insured and the Company shall use their best efforts to agree upon a fair and proper allocation between covered and uncovered amounts, taking into account the relative legal and financial exposures, and the relative benefits obtained by each Insured or uninsured party.

16.    Section VI of the Policy, "**CONDITIONS**", states, *inter alia*, that:

### D.    Choice of Law

*All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New*

*York notwithstanding New York's conflicts of law rules.*
(emphasis added)

## THE *LUSTER* COMPLAINT

17.    The *Luster* Complaint alleges that Luster is acting on behalf of a class of similarly situated plaintiffs. (*Luster* Complaint, ¶ 29.)

18.    The *Luster* Complaint further alleges, *inter alia*, that:

- In the four year period preceding the filing of this action,  Eisen made telephone calls to *Luster's* cellular telephone number (404) 379-1970, in an attempt to collect debt(s) alleged to be owed by an individual identified in their calls as "Audy Nunez", a person which is unknown and unrelated to *Luster*.(*Id.*, ¶ 12 );

- The telephone calls were made using a predictive dialer. (*Id.*, ¶ 13);

- Eisen's website states that they currently use the "Debtmaster Collection Software, and the Access! Predictive Dialing System [which] represents our commitment to utilizing the latest in collection technology". (*Id.*, ¶ 14);

- Since at least April of 2011, Eisen has been leaving pre-recorded and unattended message for debtors that they attempt to collect from. (*Id.*, ¶ 15);

- Eisen used such software which has the capacity to predictively dial in its telephone calls to telephone number (404) 379-1970. (*Id.*, ¶ 16);

- Eisen's call center and dialing infrastructure has the capacity to store a database of telephone numbers. (*Id.*, ¶ 17);

- Eisen's call center and dialing infrastructure has the capacity to dial telephone numbers from a stored list either at random or in some sequence. (*Id.*, ¶ 18);

- Eisen's programs telephone numbers into its dialing system which then dials those numbers at a rate to ensure that a customer representative will be available when a consumer answers the telephone. (*Id.*, ¶ 19);

- Eisen's dialing system has the capacity to dial from a list of telephone numbers without human intervention. (*Id.*, ¶ 20);

- The telephone calls to Luster were initiated by Eisen using an automatic telephone dialing system. (*Id.*, ¶ 21);

- Eisen knew about the TCPA before making the calls to *Luster* and the class, but made these autodialed calls to cellular phones in spite of such knowledge. (*Id.*, ¶ 25);

- The telephone calls were intentionally, willfully and knowingly

initiated. (*Id*., ¶ 27);

- The telephone calls were not initiated by accident or mistake. (*Id*., ¶ 28);

- The class is so numerous that joinder of all members is impractical. (*Id*., ¶ 32);

- There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members, including whether Eisen's dialing system constitutes an automatic dialing system under the TCPA and/or the FCC's rules. (*Id*., ¶ 33); and

- The claims of *Luster* are typical of those of the class members. All are based on the same facts and legal theories. (*Id*., ¶ 35.)

## **THE SINGLE COUNT**

19.    The *Luster* Complaint alleges a single "Count One" against Defendant Eisen, for violation of the TCPA. (*Luster* Complaint, ¶¶ 40 – 45.)   Count One alleges that Luster and the members of the class are entitled to an award of actual damages or $500 (the TCPA statutory damage amount) whichever is greater, for each such violation of the TCPA, an injunction prohibiting future conduct in violation of the TCPA (*Id*., ¶42), treble statutory damages under the TCPA (*Id*.

¶44), attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11, and the costs of that action pursuant to Fed. R. Civ. P. 54.

20.    An actual, ripe and justiciable controversy exists between Houston Specialty and Defendant Eisen  regarding coverage under the Policy for the claim and damages sought in the *Luster* Lawsuit and Houston Specialty's obligations under the Policy with respect to said claim and damages, as well as Defendant Eisen's obligation to reimburse Houston Specialty for the legal fees  and expenses that Houston Specialty has incurred to date in defending Eisen in the *Luster* Lawsuit.

## COUNT I

### DECLARATION OF NON-COVERAGE
### (STATUTORY PENALTY DAMAGES UNDER THE TCPA)

21.    Houston Specialty repeats and re-alleges each and every allegation set forth above.

22.    While the *Luster* Complaint seeks in the alternative an award of actual damages or the statutory $500.00 damage amount provided for under the TCPA - whichever is greater - upon information and belief, neither *Luster* nor any member of the putative class incurred actual damages from Defendant Eisen's conduct in an amount equal to or excess of the $500 statutory TCPA damage amount.  Nor has counsel for *Luster* provided any evidence or particularization of any such actual

10

damage amount.   Moreover, the *Luster* Complaint has not asserted common questions of fact as to specific actual harm each individual class member suffered by Defendant Eisen's conduct, thus permitting only a statutory recovery on behalf of such class members.  As such, any dollar amount obtained by way of judgment or settlement of the *Luster* Lawsuit will be based upon the statutory $500.00 per violation damage amount under the TCPA.

23.    Statutory damages under the TCPA constitute a penalty which are expressly excluded from the definition of Damages under Section II of the Policy.

24.    Based upon the foregoing, Plaintiff requests a declaration that the damages sought in the *Luster* Lawsuit are excluded from the definition of Damages in the Policy and therefore, not covered.

## COUNT II

## DECLARATION OF NON-COVERAGE
## (TREBLE DAMAGES)

25.    Houston Specialty repeats and re-alleges each and every allegation set forth above.

26.    The *Luster* Complaint seeks recovery of treble damages against Defendant Eisen. Section IV of the Policy provides that New York law governs all matters related to the validity, interpretation, performance and enforcement of the Policy.  Punitive, exemplary and treble damages are not insurable as a matter of

11

public policy under New York law.

27.   Based upon the foregoing, Plaintiff requests a declaration that the damages sought in the *Luster* Lawsuit are not covered under the Policy.

## COUNT III

## DECLARATION OF NON-COVERAGE
## (INTENT TO CAUSE HARM)

28.   Houston Specialty repeats and re-alleges each and every allegation set forth above.

29.   Defendant Eisen's conduct as alleged in the *Luster* Lawsuit constituted harmful conduct intentionally caused by Defendant.

30.   The Policy provides that New York law governs all matters related to the validity, interpretation, performance and enforcement of the Policy.   Under New York law, insurance coverage is precluded for damages caused by an insured as a result an insured's intentional harm to others based upon the public policy doctrine.

31.   Based upon the foregoing, Plaintiff requests a declaration that the claim alleged in the *Luster* Lawsuit is not covered under the Policy.

## COUNT IV

## (REIMBURSEMENT FOR DEFENSE EXPENDITURES INCURRED)

32.   Houston Specialty repeats and re-alleges each and every allegation set

forth above.

33. The *Luster* Complaint is not covered under the Policy because the damages sought therein are not covered Damages under the Policy.

34. Houston Specialty has been providing Eisen with a defense to the *Luster* Lawsuit under a reservation of rights pursuant to its May 25, 2015 ROR correspondence. Since the *Luster* Complaint is not covered under the Policy because the damages sought therein are excluded from the definition of Damages under Section II of the Policy, Houston Specialty has no duty to provide Eisen with a defense to the *Luster* Lawsuit.

35. Based upon the foregoing, Plaintiff requests a declaration that it has no duty to provide Eisen with a defense to the *Luster* Lawsuit and that under Section IV (C) 1 of the Policy, Plaintiff is entitled to be reimbursed by Eisen for all amounts that Plaintiff has paid to date in connection with that defense.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Houston Specialty seeks an order and judgment as against Defendants Eisen and Luster awarding the following relief:

(1) A declaration that the damages sought against Defendant Eisen in the *Luster* Lawsuit are excluded from coverage under the Policy;

(2) A declaration that the claim alleged in the *Luster* Lawsuit is excluded

from coverage under the Policy;

(3)    A declaration that Plaintiff has no duty to provide Defendant Eisen with a defense to the *Luster* Lawsuit;

(4)    A declaration that Defendant Eisen is obligated to reimburse Houston Specialty for the defense fees and expenses that Houston Specialty has incurred in defending Eisen in the *Luster* Lawsuit;

(5)    Such other relief that the Court may deem just and equitable under the circumstances

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues triable of right by a jury.

This 20th  day of June, 2018.

                            CARLOCK COPELAND & STAIR, LLP

                            By:    /s/ Fred M. Valz, III
                                   FRED M. VALZ, III
                                   Georgia Bar No. 723379

                                   /s/ Melissa L. Bailey
                                   MELISSA L. BAILEY
                                   Georgia Bar No. 804341

                                   *Attorneys for Plaintiff Houston Insurance Company*

191 Peachtree Street NE
Suite 3600
Atlanta, GA 30303
(404) 522- 8220
fvalz@carlockcopeland.com
mbailey@carlockcopeland.com

15